Douglas F. Foley, WSBA #13119
E-mail: doug.foley@dougfoleylaw.com
Alayna L. Nicholes, WSBA #40993
E-mail: alayna.nicholes@dougfoleylaw.com
FOLEY SAMPSON & NICHOLES, PLLC
13115 NE 4th Street, Suite 260
Vancouver, Washington 98684
Telephone: 360.883.0636
Facsimile: 360.944.6808
*Attorneys for Plaintiff Allstate Vehicle and Property Insurance Company*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS FLOREA and DESIREE FLOREA, husband and wife, JOHN MCCULLOUGH, a single individual, ALEKSANDAR LONCAR, a single individual, and PEMCO MUTUAL INSURANCE COMPANY, a Washington Corporation,<br><br>Defendants. | Civil No.: 2:22-cv-00778<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"), by and through its attorneys Douglas F. Foley and Alayna L. Nicholes of Foley Sampson & Nicholes, PLLC, hereby alleges as follows:

## I.    PARTIES AND JURISDICTION

1.    This action for Declaratory Judgment is one in which the United States District Court is given original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy exceeds $75,000 pursuant to Title 28, U.S.C. §1332.

Page 1 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

2. Allstate is an Illinois corporation authorized to transact the business of insurance in the State of Washington, whose principal place of business is in the State of Illinois and is deemed a citizen of Illinois for diversity jurisdiction.

3. Chris Florea and Desiree Florea, husband and wife, are residents of Kootenai County, State of Idaho, and are citizens of Idaho.

4. John McCullough, a single individual, is believed to be a resident of King County, State of Washington, and is a Washington citizen. John McCullough is a named plaintiff in a lawsuit filed against Chris Florea and Desiree Florea, in King County Superior Court, Cause No. 22-2-00318-9 SEA.

5. Aleksandar Loncar, a single individual, is a residence of King County, State of Washington, and is a Washington citizen. Aleksandar Loncar is a named plaintiff in a lawsuit filed against Chris Florea and Desiree Florea under Cause No. 22-2-00318-9 SEA.

6. Leichhardt Group, Inc., is a Washington Food Service and Restaurant Corporation authorized to transact business in the State of Washington and is deemed a citizen of Washington for diversity jurisdiction. Leichhardt Group, Inc., operates a bar called The Diller Room located in Seattle, Washington, and is a named plaintiff in the lawsuit filed against Chris Florea and Desiree Florea under Cause No. 22-2-00318-9 SEA. (Leichhardt Group, Inc., is hereinafter referred to as "The Diller Room").

7. Allstate issued a policy of homeowners insurance to Chris Florea and Desiree Florea, subject to the terms, definitions, exclusions, limitations, and conditions contained in the insurance contract.

## II.   UNDERLYING COMPLAINT

8. This matter involves claims for personal injuries and property damage arising out of a series of physical altercations that transpired over a street block that occurred on January 20, 2020. The King County Superior Court Complaint alleges that John McCullough and Aleksandar Loncar suffered from severe physical injuries as a result

Page 2 –   COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

of being attacked by Chris Florea. The Complaint further alleges that Chris Florea struck and damaged property belonging to The Diller Room. John McCullough and Aleksandar Loncar allege that they have suffered economic and non-economic damages in an amount to be proven at the time of trial. The Diller Room alleges it has suffered economic damages in an amount to be proven at the time of trial.

9. A copy of the King County Amended Complaint is attached as Exhibit 1 and is incorporated herein. The following statement of facts is extracted from the Amended Complaint. Allstate does not necessarily adopt or agree to the veracity of the facts alleged but recites the following facts for the sole purpose of identifying the issues in dispute in this matter with respect to the coverages provided by Allstate, subject to the terms, definitions, exclusions and conditions of the insurance contract issued by Allstate. The pertinent portions of the Amended Complaint are referenced in the following paragraphs set forth below:

> COME NOW the Plaintiffs, by and through their undersigned attorneys, and allege as follows:
>
> **I. NATURE OF ACTION**
>
> This action arises out of Defendant Chris Florea's random, brutal, and unprovoked attack on Plaintiff John McCullough, an unhoused man living in downtown Seattle. Mr. Florea, who was formerly a competitive Muay Thai practitioner and heavyweight mixed martial arts fighter, confronted and then kicked Mr. McCullough numerous times as Mr. McCullough attempted to flee down the sidewalk of 1st Ave. Mr. Florea chased Mr. McCullough down 1st Ave. to the intersection of University St., near the entrance to The Diller Room. As a crowded bar watched the onslaught through the windows, Mr. Flora rushed onto Diller Room property and then attacked the doorman, Plaintiff Aleksander Loncar. Mr. Florea caused serious injury to Mr. McCullough and Mr. Loncar, and damage to Diller Room property. (Complaint ¶1.1)

Page 3 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

## II. PARTIES AND JURISDICTION

Plaintiff John McCullough is now and at all times material hereto an individual, residing in Seattle, King County, Washington. (Complaint ¶2.1) Plaintiff Aleksander Loncar is now and at all times material hereto an individual, residing in Seattle, King County, Washington. (Complaint ¶2.2) Plaintiff Leichhardt Group, Inc., is now and at all times material hereto a profit corporation existing under the laws of the State of Washington and doing business at all times relevant hereto in the State of Washington. Plaintiff Leichhardt Group, Inc. operates a bar in Seattle called The Diller Room. (Leichhardt Group, Inc. is hereinafter referred to as "the Diller Room.") (Complaint ¶2.3) Defendant Chris Florea was, at all times material hereto, a resident of the State of Idaho. (Complaint ¶2.4) Mr. Florea and Desiree Florea are husband and wife, constituting a marital community under the laws of the State of Idaho. At all times relevant hereto, Mr. and Ms. Florea resided in Kootenai County, Idaho. All actions of Mr. Florea alleged herein were performed on behalf of the marital community. (Complaint ¶2.5) The conduct that is the subject matter of this litigation occurred in Seattle, King County, Washington. (Complaint ¶2.6) Pursuant to RCW 4.12.020 and LCR 82, venue is proper in King County and in the Seattle case assignment area. (Complaint ¶2.7)

## III. JANUARY 20, 2020, ATTACK

On January 20, 2020, John McCollough lived outside on 1st Ave., in downtown Seattle. (Complaint ¶3.1) In the early morning hours of January 20, 2020, Chris Florea—a man previously unknown to Mr. McCullough—confronted Mr. McCullough at random and then began kicking him. (Complaint ¶3.2) Mr. Florea was substantially larger than Mr. McCullough. (Complaint ¶3.3) Mr. McCullough immediately attempted to retreat northbound on the 1st Ave. sidewalk. (Complaint ¶3.4) Mr. Florea aggressively pursued Mr. McCullough and continued pushing and "leg kicking" at Mr. McCullough, causing serious injury to Mr. McCullough's lower body. (Complaint ¶3.5) As Mr. McCullough retreated, he held his blanket to his chest and shuffled backwards while pleading "leave me

Page 4 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

alone." (Complaint ¶3.6) As Mr. Florea chased Mr. McCullough down the street, he yelled: "I'M A MUAY THAI MOTHER F____R!...GET THE F__K OUT OF HERE!" (Complaint ¶3.7) Eventually, Mr. McCullough retreated all the way to the corner of 1st Ave. and University St. near the entrance to the Diller Room. (Complaint ¶3.8) Mr. Loncar was on duty as a doorman and was seated inside the door of the Diller Room. When he heard the commotion outside, he stepped out and looked around. (Complaint ¶3.9) Mr. Loncar had never met Mr. Florea before. Mr. Florea immediately approached him with his hands held up in an offensive manner, as if he was about to throw a punch. (Complaint ¶3.10) With a threatening tone and body language, Mr. Florea exclaimed "YOU GOT ISSUES?" (Complaint ¶3.11) The phrase "you got issues" can be used to convey a threat of impending violence. This is the manner in which Mr. Florea used the term. (Complaint ¶3.12) Attempting to diffuse the situation that he was unwillingly placed in the middle of, Mr. Loncar calmly said "I don't have issues, man." (Complaint ¶3.13) Mr. Florea responded by saying, amongst other things, "I'M A MUAY THAI FIGHTER, F__K YOU," and then started charging at Mr. Loncar and attacking him. (Complaint ¶3.14) Mr. Florea caught Mr. Loncar off guard and struck his lower jaw, shattering multiple teeth and causing other serious injury. (Complaint ¶3.15) Mr. Florea continued throwing punches at Mr. Loncar, one of which missed and shattered a window belonging to the Diller Room. (Complaint ¶3.16) In a bizarre twist of fate, Mr. Loncar happened to be perhaps the only other trained Muay Thai practitioner on 1st Ave. at that time. Once Mr. Loncar realized he was under attack by Mr. Florea, Mr. Loncar defended himself. Mr. Loncar promptly subdued Mr. Florea and then held him on the ground until the police arrived. (Complaint ¶3.17)

## IV. CAUSES OF ACTION
### First Cause of Action – Assault and Battery (Mr. McCullough)

The above-described incident in which Mr. Florea threatened, attacked, and chased Mr. McCullough was intentional, harmful, and offensive to Mr. McCullough.

Page 5 –   COMPLAINT FOR DECLARATORY JUDGMENT
          Case No. 2:22-cv-00778

Foley Sampson & Nicholes, PLLC
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

Therefore, Mr. Florea is liable for the intentional tort of assault and battery. (Complaint ¶4.1)

### Second Cause of Action – Assault and Battery (Mr. Loncar)

The above-described incident in which Mr. Florea threatened and attacked Mr. Loncar was intentional, harmful, and offensive to Mr. Loncar. Therefore, Mr. Florea is liable for the intentional tort of assault and battery. (Complaint ¶4.2)

### Third Cause of Action – Outrage (Mr. McCullough)

The above-described incident in which Mr. Florea attacked, threatened, and chased Mr. McCullough constitutes extreme and outrageous conduct. (Complaint ¶4.3) This conduct caused severe emotional distress to Mr. McCullough. Mr. Florea intentionally or recklessly caused the emotional distress. Mr. McCullough was the recipient of the extreme and outrageous conduct. Accordingly, Mr. Florea is liable for the tort of outrage. (Complaint ¶4.4)

### Fourth Cause of Action – Outrage (Mr. Loncar)

The above-described incident in which Mr. Florea attacked, threatened, and chased Mr. Loncar constitutes extreme and outrageous conduct. (Complaint ¶4.5) This conduct caused severe emotional distress to Mr. Loncar. Mr. Florea intentionally or recklessly caused the emotional distress. Mr. Loncar was the recipient of the extreme and outrageous conduct. Accordingly, Mr. Florea is liable for the tort of outrage. (Complaint ¶4.6)

### Fifth Cause of Action – Trespass (The Diller Room)

The above-described incident in which Mr. Florea intentionally entered Diller Room property and intentionally attempted to strike at individuals and personal property caused damage to chattels of the Diller Room. Accordingly, Mr. Florea is liable for the tort of trespass to chattels. (Complaint ¶4.7)

Foley Sampson & Nicholes, PLLC
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

**Sixth Cause of Action – Negligence (The Diller Room)**

Mr. Florea owed the Diller Room a duty of ordinary care. (Complaint ¶4.8) In the above-described incident in which Mr. Florea struck and/or caused other people or items to strike and damage property of the Diller Room, Mr. Florea failed to exercise ordinary care, which proximately caused property of the Diller Room to be damaged. Accordingly, Mr. Florea is liable for the tort of negligence. (Complaint ¶4.9)

**Seventh Cause of Action – Negligence (McCullough)**

Mr. Florea owed Mr. McCullough a duty of ordinary care. (Complaint ¶4.10) In the alternative: in the above-described incident in which Mr. Florea attacked Mr. McCullough, Mr. Florea may have been unreasonably confused or mistaken about some aspects of the situation leading up to the incident. Mr. Florea's failure to properly evaluate the situation before acting violated his duty of ordinary care, regardless of whether or not it was related to voluntary or involuntary intoxication. This failure to exercise ordinary care was a proximate cause of the injuries to Mr. McCullough. Please note that Plaintiffs do not mean to imply in any way that Mr. Florea lacked the mens rea for criminal assault, which is a legally distinct concept. (Complaint ¶4.11)

**Eighth Cause of Action – Negligence (Loncar)**

Mr. Florea owed Mr. Loncar a duty of ordinary care. (Complaint ¶4.12) In the alternative: in the above-described incident in which Mr. Florea attacked Mr. Loncar, Mr. Florea may have been unreasonably confused or mistaken about some aspects of the situation leading up to the incident. Mr. Florea's failure to properly evaluate the situation before acting violated his duty of ordinary care, regardless of whether or not it was related to voluntary or involuntary intoxication. This failure to exercise ordinary care was a proximate cause of the injuries to Mr. Loncar. Please note that Plaintiffs do not mean to imply in any way that Mr. Florea lacked the mens rea for criminal assault, which is a legally distinct concept. (Complaint ¶4.13)

## V. DAMAGES

As a direct and proximate result of Mr. Florea's acts and omissions described above, Mr. McCullough has suffered, continues to suffer, and will suffer in the future, injuries and damages that include but are not limited to the following: mental and physical pain and suffering; mental and emotional pain, suffering, anguish and distress; loss of ability to enjoy life; disability; wage loss and diminution in wage earning capacity; expenses for medical care, medications, surgery, therapy and related expenses; and miscellaneous expenses related to the medical treatment; and such other and further injuries and damages as will be proven at the time of trial. (Complaint ¶5.1) As a direct and proximate result of Mr. Florea's acts and omissions described above, Mr. Loncar has suffered, continues to suffer, and will suffer in the future, injuries and damages that include but are not limited to the following: mental and physical pain and suffering; mental and emotional pain, suffering, anguish and distress; loss of ability to enjoy life; disability; wage loss and diminution in wage earning capacity; expenses for medical care, medications, surgery, therapy and related expenses; and miscellaneous expenses related to the medical treatment; and such other and further injuries and damages as will be proven at the time of trial. (Complaint ¶5.2) As a direct and proximate result of Mr. Florea's acts and omissions described above, Leichhardt Group, Inc. has suffered the destruction of property and such other and further injuries and damages as will be proven at the time of trial. (Complaint ¶5.3)

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants in an amount to be proven at the time of trial, plus costs and expenses incurred herein, pre- and post-judgment interest, and such other relief as the court deems just and equitable.

### III.   INSURANCE POLICY PROVISIONS

10.   The AVP81 House and Home Policy ("Policy") issued by Allstate to

Page 8 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

Chris Florea and Desiree N. Florea is attached as Exhibit 2 and is incorporated herein by reference. The Policy provides the following pertinent coverages, terms, definitions, and exclusions:

> **Section II - Family Liability and Guest Medical Protection**
>
> **Family Liability Protection - Coverage X**
>
> **Losses We Cover Under Coverage X:**
> Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.
>
> **We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

Policy, p. 23 of 29.

> **Guest Medical Protection–Coverage Y**
>
> **Losses We Cover Under Coverage Y:**
> **We** will pay the reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, ambulance, hospital, licensed nursing and funeral services, and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.
>
> Each person who sustains **bodily injury** is entitled to this protection when that person is:
> 1.     on the **insured premises** with the permission of an **insured person**; or
>
> 2.      off the **insured premises**, if the **bodily injury**:
>    a)     arises out of a condition on the **insured premises** or immediately adjoining ways;
>    b)     is caused by the activities of an **insured**

Page 9 –   COMPLAINT FOR DECLARATORY JUDGMENT
              Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

      **person** or a **residence employee**;
        c)    is caused by an animal owned by or in the care of an **insured person**; or
        d)    is sustained by a **residence employee**.

Policy at p. 25 of 29.

The Policy also contains the following exclusion to coverage under Section II, Coverage X:

> **Losses We Do Not Cover Under Coverage X:**
> 1. **We** do not cover any **bodily injury** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
>    a) such **insured person** lacks the mental capacity to govern his or her conduct;
>    b) such **bodily injury** is of a different kind or degree than intended or reasonably expected; or
>    c) such **bodily injury** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether such **insured person** is actually charged with, or convicted of, a crime.

Policy, p. 23 of 29.

The Policy contains the following exclusion to coverage under Section II, Coverage Y:

> **Losses We Do Not Cover Under Coverage Y:**
> 1. **We** do not cover any **bodily injury** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
>    a) such **insured person** lacks the mental capacity to govern his or her conduct;
>    b) such **bodily injury** is of a different kind or degree than intended or reasonably expected; or
>    c) such **bodily injury** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether such **insured person** is actually charged with, or convicted of, a crime.

Policy, p. 25 of 29.

Page 10 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

Foley Sampson & Nicholes, PLLC
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

In regard to the terms or phrases of "bodily injury," "property damage" and "occurrence" as used in Section II – Family Liability and Guest Medical Protection, to the Policy those terms are defined in the Policy as follows:

> **Bodily injury** – means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
> a) any venereal disease;
> b) herpes;
> c) Acquired Immune Deficiency Syndrome (AIDS);
> d) AIDS Related Complex (ARC);
> e) Human Immunodeficiency Virus (HIV);
> or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.
>
> * * *
>
> **7.** **Occurrence** – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.
>
> 8. **Property damage** – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

Policy, at Definitions, pgs. 4-5 of 29.

## IV.  DECLARATORY JUDGMENT ACTION

11.  A justiciable controversy exists between the parties hereto. This controversy can be resolved by this Court through entry of its Judgment declaring the rights and liabilities of the parties alleged herein under the contract of insurance alleged above.

12.  There is no coverage or duty to defend or indemnify Chris Florea and Desiree Florea under the policy for the following reasons:

 12.1  The claims asserted in the underlying complaint do not state an "occurrence", which is defined as an accident.

 12.1.1  The intentional or criminal acts exclusion in the Policy excludes coverage for Chris Florea's conduct.

Page 11 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

12.1.2. The Policy's joint obligations clause bars coverage for Chris Florea and Desiree Florea.

12.2    The Court should enter a Judgment wholly in favor of Allstate declaring, adjudicating, and decreeing that Allstate is not obligated to provide coverage or a defense to Chris Florea and Desiree Florea, husband and wife, in regard to the claims asserted against them, and further enter an order that:

(a)    John McCullough, a single individual, is owed nothing in regard to insurance indemnity on the claims he has alleged with respect to the coverages allowed under the policy;

(b)    Aleksandar Loncar, a single individual, is owed nothing in regard to insurance indemnity on the claims he has alleged with respect to the coverages allowed under the policy; and

(c)    The Leichhardt Group, Inc., doing business as "The Diller Room", a Washington Corporation, is owed nothing in regard to insurance indemnity on the claims it has alleged with respect to the coverages allowed under the policy.

WHEREFORE, Allstate prays for relief as follows:

1.    For Judgment against Defendants declaring that the contract of insurance issued by Allstate does not obligate Allstate to provide coverage or a defense to Chris Florea and Desiree Florea, husband and wife, in regard to the claims asserted against them, and further enter an order that:

(a)    John McCullough, a single individual, is owed nothing in regard to insurance indemnity on the claims he has alleged with respect to the coverages allowed under the policy;

Page 12 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

Foley Sampson & Nicholes, PLLC
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

      (b)    Aleksandar Loncar, a single individual, is owed nothing in regard to insurance indemnity on the claims he has alleged with respect to the coverages allowed under the policy; and

      (c)    The Leichhardt Group, Inc., doing business as "The Diller Room", a Washington Corporation, is owed nothing in regard to insurance indemnity on the claims it has alleged with respect to the coverages allowed under the policy.

2. For Allstate's costs and such other and further relief as may be deemed just and equitable.

DATED this 6th day of June, 2022.

FOLEY SAMPSON & NICHOLES, PLLC

By /s/ DOUGLAS F. FOLEY
Douglas F. Foley, WSBA #13119
E-mail: doug.foley@dougfoleylaw.com

By /s/ ALAYNA L. NICHOLES
Alayna L. Nicholes, WSBA #40993
E-mail: alayna.nicholes@dougfoleylaw.com
*Attorneys for Plaintiff Allstate Vehicle and Property Insurance Company*

Page 13 – COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 2:22-cv-00778

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636